# IN THE COURT OF APPEALS OF IOWA

No. 18-1651
Filed December 5, 2018

**IN THE INTEREST OF R.K. and R.N.,**
**Minor Children,**

**B.S., Mother,**
  Appellant,

**R.N., Father of R.N,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.

A mother of two children and the father of one of the children appeal the

juvenile court order terminating their parental rights.  **AFFIRMED.**

Thomas G. Crabb, Des Moines, for appellant mother.

Amy K. Davis of Babich Goldman, PC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

John Jellineck, Juvenile Public Defender, Des Moines, guardian ad litem for

minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother of two children and the father of one of the children appeal the juvenile court order terminating their parental rights. We find the mother did not preserve error on her claim regarding reasonable efforts and termination is in the best interests of the children. We affirm the termination of the parents' rights.

## I. Background Facts & Proceedings

B.S. is the mother of R.K., born in 2014, and Ra.N., born in 2017. The father of Ra.N. is Ro.N. The children were removed from the mother's care shortly after Ra.N. was born because he tested positive for amphetamines. They were placed with Ro.N.'s mother. Both parents have a history of substance abuse. The mother's parental rights to an older child were terminated in 2014. Additionally, Ro.N. has a history of domestic violence.

The children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2017). In November 2017, Ro.N. was arrested following an incident of domestic abuse against B.S., and subsequently pled guilty to domestic abuse assault. Ro.N. was ordered to have no contact with B.S. On December 14, 2017, the children were removed from the care of Ro.N.'s mother because she had been permitting unsupervised contact with the parents. R.K. was placed in the home of his paternal grandmother and Ra.N. was placed with a paternal uncle. Later, Ra.N. was placed in foster care.

The parents continued to struggle with substance abuse. B.S. had a substance abuse evaluation, but did not engage in a substance abuse treatment program. Ro.N. attended a number of substance abuse treatment programs, but did not successfully complete them. Also, the parents continued to violate the no-

contact order. In a permanency order filed on March 20, 2018, the juvenile court ordered the State to file a petition for termination of parental rights. The termination petition was filed on March 27.

The termination hearing was held on August 6, 2018. Ro.N. testified he had been arrested in July 2018 for a probation violation and was currently attending an inpatient treatment program as part of his probation. Ro.N. stated he was not able to take custody of Ra.N. at that time. Ro.N. also still needed to complete a domestic abuse program. B.S. testified she was ready to enter the House of Mercy program that day. She stated she had not seen the children since Christmas. B.S. testified she could not have the children returned to her at the time of the hearing, but asked for an extension of time.

The juvenile court terminated B.S.'s parental rights to both children under section 232.116(1)(b), (e), (g), and (h) (2018). Ro.N.'s parental rights to Ra.N. were terminated under section 232.116(1)(h).[1] The court found B.S. and Ro.N. "struggled on this record, mightily, with regard to continuing and ongoing illegal drug use and recovery and engaging in services throughout the case." The court determined termination of the parents' rights was in the children's best interests, stating:

> The Court is confident that none of these parents can be custodial parents on this record at this time. The Court is also confident that extending out the time for the provision of services is not warranted and would harm these children. The children each need permanency and resolution. [B.S.] and [Ro.N.]'s efforts were "eleventh hour," and even that assessment is generous. Both appear fully enmeshed in long term cycles of addiction from which, sadly, they have not been able to escape despite the offering of services.

---

[1] The parental rights of Ro.K., the father of R.K., were also terminated. He has not appealed the juvenile court's order.

> Neither can be trusted to follow through with their last minute shows of effort at obtaining treatment.

B.S. and Ro.N. now appeal the juvenile court order terminating their parental rights.

## II.    Standard of Review

The scope of review in termination cases is de novo.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Clear and convincing evidence is needed to establish the grounds for termination.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence.  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).  The paramount concern in termination proceedings is the best interests of the children.  *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III.    Reasonable Efforts

The mother claims the State did not engage in reasonable efforts to reunite her with her children.  She states she was unable to make contact with her social worker from the Iowa Department of Human Services (DHS), and at times did not know who had been assigned her case.

The State has the responsibility to make reasonable efforts, but it is the parent's responsibility to demand services if they are not offered prior to the termination hearing.  *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997).  A parent should not wait until the termination hearing to raise the issue of reasonable efforts.  *In re M.B.*, 595 N.W.2d 815, 818 (Iowa Ct. App. 1999).  Here, the mother did not raise the issue of reasonable efforts prior to the termination hearing.

Furthermore, the juvenile court did not address the issue beyond finding, "Services were offered." We conclude this issue has not been preserved for our review.

### IV. Best Interests

The mother claims termination of her parental rights is not in the children's best interests. She states it would be in the children's best interests to give her more time to complete a substance abuse treatment program. She points out she planned to enter the House of Mercy program the day of the termination hearing. The father also claims termination of his parental rights is not in Ra.N.'s best interests. He notes he was trying to complete a substance abuse treatment program, as had been requested of him. The father asks for more time to work on reunification with his child.

In order to terminate a parent's rights, we must determine whether termination is in the children's best interests. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see also In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

On our de novo review, we agree with the juvenile court's findings on the issue of the children's best interests. Both parents were engaged in what the juvenile court characterized as "eleventh hour" efforts to engage in services, after spending months not following DHS's requests to successfully complete treatment for substance abuse. We concur in the court's statement, "The Court is also confident that extending out the time for the provision of services is not warranted and would harm these children." Also, "Neither can be trusted to follow through

with their last minute shows of effort at obtaining treatment." The history of both parents showed several unsuccessful attempts at treatment and we find it is not in the children's best interests to further delay the termination of the parents' rights.

We affirm the decision of the juvenile court.

**AFFIRMED.**